Appeal from *Baltimore County Court*. This was a petition for freedom. At the trial the petitioner, (now appellant,) produced a witness, who proved that *John Haney* the brother of the defendant, (now appellant,) wrote a letter to him from *St. Mary's* county in this state, where he resided, and sent it by the petitioner, who was then being in *Virginia* where he was born and raised, and by whom it was delivered to the witness in the city of *Baltimore*, where the witness resided, sometime in the month of February 1810, and shortly after the said letter was written. The letter contained a request that the witness would keep the petitioner until he, *John Haney*, or his brother *Samuel Haney*, should arrive in *Baltimore*; and it also stated, that the petitioner was the property of his said brother, who was under age, and that he was the guardian of his said brother. That accordingly the witness did keep the petitioner in his service from that time for about two months and an half, when the defendant arrived in *Baltimore* from *St. Mary's* county, where he was bound in 1803 by his father, for seven years, to learn the business of a pilot, and where he then lived. That the defendant then called on the witness, and received the hire for the time the petitioner had been with the witness. That the defendant left the petitioner with *Robert Long*, his brother-in-law, who resided in *Baltimore*, and who some short time afterwards hired the petitioner to *Joseph Nevitt*, the captain and owner of the *Alexandria* packet, which sailed between *Alexandria* and *Baltimore*; that the said packet was licensed at the port of *Alexandria*, and the captain and owner resided and lived in *Alexandria*. That sometime after the petitioner was so hired to *Nevitt*, he met with the defendant at *Baltimore*, who agreed that he, *Nevitt*, might keep the petitioner in his hire and service until the 17th of December 1810, and longer if he chose. That in consequence thereof *Nevitt* did keep the petitioner in his service until the 17th of December 1810, when being with him in his packet at *Baltimore*, he deserted and run away from him, and shortly after filed this petition for his freedom. The petitioner further proved, that he was born and raised in the state of *Virginia*, and was brought into this state from the state of *Virginia* in the manner herein before stated.

A minor cannot be set to affect his rights, nor can his right be affected by an act of his guardian. The guardian of a minor importing into this state a slave belonging to the minor, will not forfeit such slave to freedom; nor will the assent of the minor, among his minority, to such title.

1815.

Haney
vs
Waddle

The defendant then proved, that the petitioner was born the slave of the defendant's father, and was given to the defendant by his father, who always has resided, and still resides, in the state of *Virginia.* That the defendant arrived at the age of 21 years on the 13th of December 1810, at which time his apprenticeship expired; and has since followed his business as a pilot in the waters of the *Chesapeake* Bay, and was sometimes at *Norfolk,* sometimes at *Alexandria,* sometimes at *St. Mary's,* and sometimes at *Baltimore,* just as his business called him; was an unmarried man, and had no fixed place of residence. He then prayed the court to direct the jury, that if they believed the aforegoing testimony, the petitioner was not entitled to recover. But the Court, [*Nicholson,* Ch. J.] was of opinion, and so directed the jury, that if they believed that the petitioner was born and raised in the state of *Virginia,* and continued to reside there until the month of February 1810, that he was then sent by the defendant, or with his consent and approbation, to *Baltimore,* to be hired, that he was so hired and resided in *Baltimore,* and that the defendant himself was not a resident of this state, and did not move into this state for the purpose of residing here, that the circumstance of the defendant's being under the age of 21 years could not operate against the petitioner. That a minor had no other authority to import slaves into this state than an adult, and that neither the one nor the other had such authority, except in the special cases provided for in the several acts of assembly of this state, none of which embraced this case. The court therefore refused the defendant's prayer. The defendant excepted; and the verdict and judgment being against him, he appealed to this court, where the case was argued before CHASE, Ch. J. and BUCHANAN, EARLE, JOHNSON, and MARTIN, J. by

*Winder,* for the Appellant; and by

*W. Dorsey,* for the Appellee.

THE COURT dissented from the opinion of the County Court, on the ground that a minor could do no act to affect his rights, nor could his guardian for him. That the guardian of a minor importing a slave, did not entitle him to freedom, nor did the assent of the minor, during his minority, give such title.

JUDGMENT REVERSED.